**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIEL STIVEN GARZON GARZON, as the putative personal representative of THE ESTATE OF EVELYN DAYANA HERNANDEZ SOCHA, and as parent and natural guardian of L.S.G.H., a minor,

Plaintiff,

v. Case No: 8:26-cv-2493-TPB-AAS

SHERIFF KURT A. HOFFMAN, et al.,

Defendants.
______________________________________/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on "Defendant Austin David Van Camp's Motion to Dismiss Amended Complaint," filed on September 14, 2026. (Doc. 6). Plaintiff Daniel Stiven Garzon Garzon, individually, as personal representative of the Estate of Evelin Dayana Hernandez Socha, and as parent and natural guardian of L.S.G.H., a minor, filed a response in opposition on October 5, 2026. (Doc. 15). After reviewing the motion, court file, and record, the Court finds as follows:

## Background

This case arises from a tragic traffic accident that resulted in the death of 22-year-old Evelin Dayana Hernandez Socha. At approximately 11:38 p.m. on July 11, 2024, Hernandez Socha was riding her bicycle home from work in Sarasota County, Florida. She entered the intersection of U.S. 41 and Bay Street within a designated crosswalk and attempted to cross the northbound lanes of U.S. 41. At the same time, Defendant Austin

David Van Camp, a Sarasota County Sheriff's deputy, was driving a marked patrol vehicle northbound toward the intersection. Van Camp did not have his emergency lights or siren activated. His patrol vehicle struck Hernandez Socha as she crossed the roadway. The impact was severe. According to the amended complaint, Hernandez Socha was separated from her bicycle and displaced more than 100 feet from the point of impact. Surveillance footage from a nearby gas station shows Van Camp stopping his vehicle, exiting, and walking toward the area where Hernandez Socha had come to rest. The footage contains more than one minute of the aftermath and does not show Van Camp rendering aid. Emergency responders ultimately arrived and attempted resuscitation, but Hernandez Socha was pronounced dead at the scene shortly after midnight.[1]

Plaintiff Daniel Stiven Garzon Garzon, Hernandez Socha's surviving spouse and the personal representative of her estate, originally filed this action in Florida state court. The operative amended complaint asserts three claims. Count I asserts a Florida wrongful death and negligence claim against Sarasota County Sheriff Kurt Hoffman based on Van Camp's operation of the patrol vehicle. Count III asserts a claim against Van Camp individually under 42 U.S.C. § 1983 for violation of Hernandez Socha's substantive due process rights under the Fourteenth Amendment. Count IV asserts a

---

[1] Some circumstances surrounding the collision remain disputed. Different sources reported Van Camp's speed as approximately 45, 50, or 60 miles per hour in an area with a posted speed limit of 45 miles per hour. The amended complaint also identifies disputes concerning the traffic-signal sequence, Hernandez Socha's final resting position and post-impact displacement, visibility at the intersection, and the conclusions subsequently reached during the traffic-homicide investigation.

Florida intentional infliction of emotional distress claim against Florida Highway Patrol Corporal Carl Hupchick based on his investigation of the collision.

On August 25, 2026, Van Camp removed the action to this Court based on federal question jurisdiction arising from Count III. The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a).

Van Camp now moves to dismiss Count III, the only federal claim in this action, arguing that the allegations do not establish a substantive due process violation and that, in any event, he is entitled to qualified immunity.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the

case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Qualified Immunity*

Qualified immunity protects government officials performing discretionary functions from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation omitted). Because qualified immunity is immunity from suit rather than merely a defense to liability, the issue should be resolved at the earliest possible stage of litigation when appropriate. *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

When an official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that (1) the official violated a constitutional right and (2) the right was clearly established when the alleged violation occurred. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Here, the amended complaint expressly alleges that Van Camp was a Sarasota County Sheriff's deputy operating a marked law-enforcement patrol vehicle in the course and scope of his employment. Accordingly, Van Camp was acting within his discretionary authority, and Plaintiff bears the burden of overcoming qualified immunity.

### *Count III – Substantive Due Process*

Count III alleges that Van Camp deprived Hernandez Socha of her substantive due process rights in violation of the Fourteenth Amendment. Plaintiff alleges that Van Camp entered a signalized intersection at night without activating his emergency lights

or siren, operated his patrol vehicle at an unsafe speed, failed to maintain a proper lookout, failed to timely brake or undertake evasive action, delayed reporting the collision, and failed to render aid during the portion of the aftermath captured on surveillance footage. According to Plaintiff, these acts exhibited "deliberate indifference and reckless disregard for a known and substantial risk of serious bodily injury or death."

Even accepting those allegations as true, they do not state a substantive due process violation. The Due Process Clause "was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotations omitted). It was not intended, however, to serve as "a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Id.* at 848 (internal quotation omitted). Executive conduct violates substantive due process only when it is "arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 847 (internal quotation omitted). Negligently inflicted harm is categorically below that threshold, and even recklessness does not necessarily constitute conscience-shocking conduct. *Id.* at 849, 853.

Eleventh Circuit precedent applying these principles to law enforcement driving cases clearly forecloses Plaintiff's federal claim. Frankly, in light of the overwhelming weight of Eleventh Circuit authority, the substantive due process claim related to the accident itself borders on frivolous. In *Cannon v. Taylor*, 782 F.2d 947 (11th Cir. 1986), an on-duty police officer responding to a disturbance call drove without his lights or siren activated, exceeded the speed limit, struck another vehicle, and killed its driver. The Eleventh Circuit held that "a person injured in an automobile accident caused by the

negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no Section 1983 cause of action for violation of a federal right." *Id.* at 950.

The Eleventh Circuit reached the same conclusion in *Rooney v. Watson*, 101 F.3d 1378 (11th Cir. 1996). There, a deputy was driving approximately 73 miles per hour while neither engaged in a pursuit nor responding to an emergency call and without activating his emergency lights or siren. After the deputy collided with the plaintiffs' vehicle, they brought a § 1983 substantive due process claim. The Eleventh Circuit explained that although driving at a high rate of speed under those circumstances could constitute gross negligence, it did "not transform a state tort claim into a constitutional deprivation." *Id.* at 1381.

Similarly, in *Barnwell v. Douglas County*, 390 F. App'x 862 (11th Cir. 2010), a deputy drove his patrol vehicle more than 88 miles per hour without activating his emergency lights or siren and caused a fatal head-on collision. The Eleventh Circuit concluded that the conduct, although potentially tortious, did not rise to the level of a constitutional violation. *Id.* at 863-64.

Most recently, the Eleventh Circuit addressed even more egregious allegations in *Hughes v. Locure*, 166 F.4th 121 (11th Cir. 2026). In *Hughes*, an intoxicated deputy drove approximately 70 miles per hour in a 25-mile-per-hour zone at night without headlights or emergency lights. The deputy caused a collision, fled the scene, left a passenger in the other vehicle to die, and was later indicted for reckless manslaughter. Nevertheless, the Eleventh Circuit concluded that the deputy was entitled to qualified

immunity, explaining that its existing case law left it insufficiently clear that such conduct violated the Constitution. *Id.* at 129-30.

Those cases control here. The amended complaint alleges serious conduct with tragic consequences. But the factual allegations against Van Camp do not approach the conduct found constitutionally insufficient – or, at a minimum, insufficient to overcome qualified immunity – in *Cannon*, *Rooney*, *Barnwell*, and *Hughes*.[2] Plaintiff does not allege that Van Camp intended to strike Hernandez Socha or otherwise intended to cause her harm. Rather, the allegations concern the manner in which Van Camp operated his vehicle immediately before the collision and his actions immediately afterward, including his failure to render aid, delay in reporting the accident, refusal of toxicological testing, and lack of an investigative statement. Although Plaintiff emphasizes that Van Camp had an opportunity to deliberate following the collision, the alleged post-collision conduct does not materially distinguish this case from *Hughes*, where the deputy fled the scene and left a victim to die. Moreover, the amended complaint does not allege that Van Camp falsified evidence, manipulated the subsequent investigation, or otherwise caused the investigative discrepancies identified by Plaintiff. Whether considered individually or collectively, the allegations do not plausibly establish

---

[2] Indeed, Count I demonstrates the essentially tort-based nature of the allegations. Plaintiff alleges there that Van Camp negligently operated his patrol vehicle by driving at an excessive and unsafe speed, failing to activate his lights or siren, failing to maintain a proper lookout, failing to timely apply his brakes, failing to take reasonable evasive action, and otherwise operating the vehicle carelessly. Count III largely relies on those same factual allegations but characterizes the conduct as "deliberate indifference" and "reckless disregard." The use of constitutional terminology does not transform alleged negligence or recklessness into a substantive due process violation.

the type of arbitrary, conscience-shocking governmental conduct necessary to state a substantive due process claim.

Moreover, even if the allegations could establish a constitutional violation, Plaintiff cannot demonstrate that any asserted constitutional right was clearly established on July 11, 2024. *Cannon* and *Rooney* had long established that even grossly negligent operation of a police vehicle does not, without more, amount to a substantive due process violation. And *Hughes*, decided after the collision at issue here, confirms that the preexisting Eleventh Circuit precedent did not clearly establish a constitutional violation even under substantially more egregious circumstances. *See Hughes*, 166 F.4th at 129-30. Nor has Plaintiff identified any clearly established law demonstrating that Van Camp's alleged post-collision omissions, including his failure to render aid or promptly report the collision, violated Hernandez Socha's substantive due process rights under circumstances comparable to those alleged here. Thus, even assuming that the alleged conduct could constitute a constitutional violation, Van Camp would nevertheless be entitled to qualified immunity. Count III is dismissed with prejudice.

***Supplemental Jurisdiction and Remand***

Count III is the sole claim arising under federal law and the sole basis for this Court's original jurisdiction. The two remaining claims arise exclusively under Florida law. Count I asserts wrongful death and negligence against the Sheriff under Florida law, while Count IV asserts intentional infliction of emotional distress against Hupchick arising from his investigation of the collision.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." In

determining whether to retain supplemental jurisdiction, a court considers judicial economy, convenience, fairness, and comity. The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Those considerations weigh heavily in favor of declining supplemental jurisdiction here. This action originated in Florida state court and was removed only recently based on Count III. The case remains at an early stage, and the Court has expended minimal judicial resources addressing the state law claims. Moreover, the remaining claims involve questions of Florida tort law, including a wrongful death claim against a Florida sheriff and an intentional infliction of emotional distress claim arising from a Florida traffic-homicide investigation. Principles of comity favor allowing the Florida courts to resolve those claims.

Accordingly, because the Court has dismissed the only claim over which it possesses original jurisdiction, the Court declines to exercise supplemental jurisdiction over Counts I and IV pursuant to § 1367(c)(3). Rather than dismiss those claims without prejudice, however, remand to the state court from which this action was removed is appropriate.

## **Conclusion**

The Court does not minimize the devastating consequences of the collision, which resulted in the death of a young wife and mother. Florida law provides a forum for determining whether Van Camp's conduct gives rise to tort liability. But binding precedent does not permit Plaintiff to transform that traffic accident into a federal

constitutional case merely by characterizing allegedly negligent or reckless conduct as conscience shocking. The facts alleged in the amended complaint do not come close to stating a substantive due process violation, and, in any event, Van Camp is entitled to qualified immunity.

With the sole federal claim dismissed, there is no compelling reason for this Court to retain jurisdiction over the remaining state law claims. Those claims belong back where this case began: in Florida state court.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Defendant Austin David Van Camp's Motion to Dismiss Amended Complaint" (Doc. 6) is hereby **GRANTED**. Count III of Plaintiff's First Amended Complaint is **DISMISSED**.
2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court **DECLINES** to exercise supplemental jurisdiction over Counts I and IV.
3. This case is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.
4. Once remand is effectuated, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE